IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODNEY R. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-08-263-M |
| v. | ) | |
| | ) | |
| SHAWN LAUGHLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT  AND  RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983.  In his Complaint, Plaintiff seeks monetary damages and declaratory and injunctive relief for alleged constitutional violations committed by Defendants Laughlin, who is identified by Plaintiff as a former Oklahoma Highway Patrol ("OHP") officer, and Yarborough, who is identified by Plaintiff as an Assistant District Attorney ("ADA") for Greer County, Oklahoma.  The matter has been referred to the undersigned by District Judge Miles-LaGrange for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the undersigned has reviewed the sufficiency of the initial pleadings and attached documents pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B). For the following reasons, it is recommended that the cause of action be dismissed with prejudice in part and without prejudice in part as more fully set forth herein.

Plaintiff states that he is an Oklahoma inmate currently incarcerated at the Lexington

1

Assessment and Reception Center.  Public records reflect that Plaintiff is serving a four year and ten month term of imprisonment entered in the District Court of Rogers County, Case No. CF-2003-34, and a second term of imprisonment of 1,948 days entered in the District Court of Greer County, Case No. CF-2004-18.  Plaintiff also has a future eight year term of imprisonment to serve for a conviction entered in the District Court of Greer County, Case No. CF-2006-58.  http://www.doc.st.ok.us/ (offender search for Rodney R. Hunter accessed April 4, 2008); http://www.oscn.net/applications/oscn/casesearch (docket sheet in State of Oklahoma v. Rodney Hunter, District Court of Rogers County, No. CF-2003-34, accessed April 4, 2008; docket sheet in Rodney Renee Hunter v. State of Oklahoma, Oklahoma Court of Criminal Appeals, No. F-2008-79, appeal from Case No. CF-2006-58, District Court of Greer County, accessed April 4, 2008).  Plaintiff asserts that there is an additional criminal proceeding pending against him in the District Court of Greer County, Case no. CF-2006-68.

 I. Initial Review under 28 U.S.C. §§1915A and 1915(e)(2)(B)

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b).  Pursuant to 28 U.S.C. §

1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). No "heightened fact pleading" is required under this standard, "but only enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. At 1974. In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts" but not "conclusory allegations" to be true. McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001)(internal quotation omitted). A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Plaintiff's Complaint

In his 8-page Complaint, Plaintiff asserts in Count I a violation of his right to equal protection. In Count II he alleges a violation of his right to due process, and in Count III he alleges that Defendants "acting in their official capacity present an ongoing violation of Plaintiff's Constitutional Rights to Equal Protection and Due Process" by "continu[ing] a

course of conduct designed to prevent Plaintiff from receiving a fair trial for all of the reasons presented in Counts I and II."

With respect to Defendant Laughlin, Plaintiff alleges in Count I that while Defendant Laughlin was acting in his official capacity as an OHP officer Laughlin "followed Plaintiff's vehicle, shined search lights repeatedly into Plaintiff's windows at home and consistently harassed Plaintiff during the period between July 2005 and July 2006." Additionally, Plaintiff alleges that Defendant Laughlin "exceeded his authority by conducting an unsupervised drug bust in Mangum, Oklahoma without supervisory oversight" and "retain[ed] possession of drug evidence for over a year in the trunk of his state issued patrol car." Plaintiff states that "[t]his evidence has been used once in a jury trial resulting in Plaintiff's conviction and is scheduled to be used again in a pending prosecution." Plaintiff alleges that "[t]here is no record of a chain of custody and no way to verify the authenticity of the evidence due to its improper storage."

Plaintiff further alleges in Count I that Defendant Laughlin "traveled across the state of Oklahoma to testify at Plaintiff's revocation hearing in Rogers County in an attempt to convince the presiding judge to issue a more severe sentence which demonstrates his personal bias against this Plaintiff," that Defendant Laughlin's "testimony in Rogers County is inconsistent with this recent testimony in Greer County demonstrating his willingness to commit perjury to secure Plaintiff's conviction and revocation," and that Defendant Laughlin's "testimony in Greer County was about Plaintiff's bad acts in a pending case for

which Plaintiff has not yet been convicted."[1]  Plaintiff asserts that Defendant Laughlin "demonstrated a propensity for violence against Plaintiff's family, specifically Plaintiff's aunt...."

With respect to Defendant Yarborough, Plaintiff alleges in Count I that Defendant Yarborough "abused his office and conducted a personal vendetta against this Plaintiff by hiding a conflict of interest designed to allow him the opportunity to prosecute Plaintiff in two criminal cases......That conflict and resulting bias is based on [Defendant] Yarborough's mistaken belief that Plaintiff was involved with his daughter...."  Plaintiff further alleges that Defendant Yarborough "has negotiated in bad faith regarding potential plea bargains and made unrealistic and disproportionate sentence recommendations to the Plaintiff's defense attorney.  These offers are completely inconsistent with offers made to similarly situated defendants in Greer County."

Plaintiff alleges in Count II that Defendant Laughlin's "actions as a Highway Patrolman have prevented proper supervision of alleged drug busts and his improper handling of evidence has denied Plaintiff the right to Due Process."  Plaintiff further alleges that Defendant "Laughlin's recent resignation from the Highway Patrol based on improper conduct in his state issued car supports Plaintiff's position that [Defendant] Laughlin can not be trusted or believed," and that Defendant "Laughlin's testimony in Case Number CF-2006-58 about Plaintiff's alleged bad acts in Case Number CF-2006-68, which Plaintiff has not

---

[1]Plaintiff later describes this "testimony in Case Number CF-2006-58 about Plaintiff's alleged bad acts in Case Number CF-2006-68, which Plaintiff has not been convicted of ...."

been convicted of, denied Plaintiff's right to Due Process."

With respect to Defendant Yarborough, Plaintiff alleges in Count II that Defendant Yarborough "ignored his ethical obligation to step aside and allow another attorney in the District Attorney's office to prosecute Plaintiff's case.  His prosecution is personal, not professional, and he has circumvented Plaintiff's right to a Fair Trial."  Plaintiff also alleges that Defendant Yarborough "has suborned perjury regarding the testimony of [Defendant] Laughlin in Greer County Case Number CF-2006-58. [Defendant] Laughlin had already made prior statements under oath in Rogers County, but [Defendant] Yarborough assisted his witness in tailoring his testimony in the Greer County case to secure a conviction." Further, Plaintiff alleges that Defendant Yarborough "knowingly allowed a potential juror to commit perjury during voidire [sic] and mis-led [sic] the Greer County District Court" and "mis-led [sic] the Greer County District Court regarding the availability of the State's Confidential Informant, Chris Rush, which denied Plaintiff the opportunity to confront his accuser."  Finally, Plaintiff alleges a conspiracy between Laughlin and Yarborough "to introduce improper testimony designed to secure Plaintiff's conviction and sentence."

III. Prosecutorial Immunity

The Supreme Court has interpreted the intent of Congress in enacting 42 U.S.C. § 1983 to include immunities from liability, including absolute immunity for prosecutors engaged in the initiation and trial of a criminal prosecution and for any conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). See also Buckley v. Fitzsimmons, 509 U.S. 259, 268-271 (1993).  These

functions "include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." Buckley, 509 U.S. at 273.  The Court has distinguished "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings" and concluded that these functions are not entitled to absolute immunity. Id.

All of Plaintiff's allegations against Defendant Yarborough involve actions that fall within Defendant Yarborough's prosecutorial functions connected with the criminal proceedings against Plaintiff.  Plaintiff alleges that Defendant Yarborough used the criminal prosecutions of Plaintiff in Greer County as a way to retaliate against Plaintiff based on Defendant Yarborough's "belief that his daughter ... and the Plaintiff have had a relationship...." Plaintiff alleges that Defendant Yarborough took other actions tied directly to the initiation and prosecution of criminal proceedings against Plaintiff in Greer County, including the filing of the charging documents, preparing witnesses for court testimony, negotiating pleas, refusing to recuse from prosecuting Plaintiff, selecting jurors, advising the court regarding the availability of a prosecution witness, and the vague allegation that Defendant Yarborough is "continu[ing] a course of conduct designed to prevent Plaintiff from receiving a fair trial...."   Therefore, Plaintiff has failed to state a claim against Defendant Yarborough because Defendant Yarborough is entitled to absolute immunity from liability concerning this cause of action.  Hence, all of Plaintiff's claims against Defendant Yarborough should be dismissed with prejudice.

IV. Witness Immunity

Witnesses in judicial proceedings are absolutely immune from a claim for damages for their "acts intertwined with the judicial process." Valdez v. City and County of Denver, 878 F.2d 1285, 1287 (10th Cir. 1989).  Plaintiff contends that Defendant Laughlin violated Plaintiff's constitutional rights by testifying falsely or "inconsistently" in criminal proceedings against Plaintiff in Rogers County and Greer County.  These allegations fail to state a claim for relief under 42 U.S.C. § 1983 because Defendant Laughlin enjoys absolute immunity with respect to such testimony. See Briscoe v. LaHue, 460 U.S. 325, 345-346 (1983)(section 1983 does not authorize a convicted person to assert a claim for damages against a police officer for giving perjured testimony at his criminal trial).

V. Heck

With respect to Plaintiff's claim against Defendants for monetary damages for alleged constitutional violations stemming from his arrests and prosecutions in Greer County and Rogers County that have resulted in convictions, including the revocation of his probation, his claims are barred by the doctrine established in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Id. at 486-487.

Plaintiff's claims regarding a retaliatory purpose underlying the Plaintiff's

convictions, malicious prosecution,[2] an "unsupervised drug bust" that netted evidence used against Plaintiff in a jury trial, lack of "chain of custody" concerning this drug-bust-related evidence, Defendant Laughlin's "improper handling" of this drug-bust-related evidence, the prosecution's use of false testimony to obtain a conviction, and the Defendants' "conspiracy" to introduce unspecified "improper testimony to secure Plaintiff's conviction and sentence" would imply the invalidity of his convictions and probation revocation.  Consequently, these claims are barred by the doctrine established in <u>Heck</u> and should be dismissed without prejudice.

VI. <u>State Law Error</u>

Plaintiff alleges that Defendant Laughlin "exceeded his authority" as an OHP officer "by conducting an unsupervised drug bust," that Defendant Laughlin "exceeded his authority in violation of department policy and sound police procedure by retaining possession of drug evidence...," that Defendant Laughlin improperly stored certain evidence, and that Defendant Laughlin's "actions as a Highway Patrolman have prevented proper supervision of alleged drug busts." Plaintiff is alleging that state law required supervision of a "drug bust" by an OHP officer and required certain procedures to be followed in handling evidence obtained in a search.  However, a violation of state law alone does not  state a claim under 42 U.S.C.

---

[2]Moreover, Plaintiff's due process claim, if any, for malicious prosecution has not yet accrued because he has not alleged that any criminal proceeding has been terminated in his favor. <u>See</u> <u>Mondragon v. Thompson</u>, __ F.3d ___, ___, 2008 WL 624434 (10th Cir. 2008)(noting the court's prior holding that a due process claim for malicious prosecution arises only once the original action has been terminated in the plaintiff's favor.

§ 1983. <u>Eidson v. Owens</u>, 515 F.3d 1139, 1148 (10th Cir. 2008)(citing <u>Collins v. City of</u>

<u>Harker Heights, Texas</u>, 503 U.S. 115, 119 (1992).   Accordingly, these claims against

Defendant Laughlin should be dismissed with prejudice for failure to state a claim for relief

under 42 U.S.C. § 1983.

VII. <u>Harassment</u>

　　　Plaintiff contends that Defendant Laughlin, while acting in his official capacity as an

OHP officer, "followed Plaintiff's vehicle, shined search lights repeatedly into Plaintiff's

windows at home and consistently harassed Plaintiff during the period between July 2005

and July 2006."  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she

was deprived of a right "secured by the Constitution or laws of the United States, and that

the alleged deprivation was committed under color of state law." <u>Amer. Mfrs. Mut. Ins. Co.</u>

<u>v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).   Clearly, Plaintiff has alleged that Defendant

Laughlin was acting under color of state law with respect to this claim.

　　　Plaintiff alleges that Defendant Laughlin's targeted harassment of Plaintiff violated

Plaintiff's right to equal protection.   "The equal protection clause is triggered when the

government treats someone differently than another who is similarly situated." <u>Buckley</u>

<u>Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth.</u>, 933 F.2d 853, 859 (10th Cir. 1991).

"Ordinarily the Equal Protection Clause is applied to claims of class-based discrimination."

<u>Campbell v. Buckley</u>, 203 F.3d 738, 747 (10th Cir.), <u>cert. denied</u>, 531 U.S. 823 (2000).

Plaintiff does not allege that he is part of an identifiable suspect class that was selectively

discriminated against.   Rather, Plaintiff alleges that he was targeted as an individual by

Defendant Laughlin's "harassment."  Plaintiff has not alleged that he has been intentionally treated differently from others similarly situated or that there was no rational basis for the difference in treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(*per curiam*)("[A] successful equal protection claim[ ] [may be] brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."); Bartell v. Aurora Pub. Schs., 263 F.3d 1143, 1149 (10th Cir. 2001)("As with any equal protection claim," a plaintiff asserting a class-of-one equal protection claim "must ... demonstrate that he was treated differently than another who is similarly situated.")(internal quotation and citation omitted); Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 849 (10th Cir. 2005)("To succeed on such an equal protection claim [under Olech], the [plaintiffs] must prove that they were singled out for persecution due to some animosity...for reasons wholly unrelated to any legitimate state activity.")(internal quotation and citation omitted).   Plaintiff has alleged only that Defendant Laughlin selectively harassed him over a two year period.  Such a "pure or generic retaliation claim [ ] simply does not implicate the Equal Protection Clause." Watkins v. Bowden, 105 F.3d 1344, 1354 (11th Cir. 1997).  See Maldonado v. City of Altus, 433 F.3d 1294, 1308 (10th Cir. 2006)(finding that to extent plaintiffs alleged violation of equal protection under 42 U.S.C. § 1983 based on retaliation, "such a theory of liability for retaliatory conduct does not come within § 1983")(internal quotation omitted); Grossbaum v. Indianapolis-Marion County Bldg. Auth., 100 F.3d 1287, 1296 n. 8 (7th Cir. 1996)(Equal Protection Clause "does not establish a general right to be free from retaliation"), cert.

denied, 520 U.S. 1230 (1997).

Nevertheless, even if Plaintiff is a member of an identifiable suspect class, he has not alleged that similarly situated individuals of a different suspect class received differential treatment or that the treatment he received was motivated by constitutionally improper motives or interference with the legitimate exercise of constitutional rights. See United States v. Armstrong, 517 U.S. 456, 465 (1996). Accordingly, Plaintiff's equal protection claim against Defendant Laughlin based on class-of-one discrimination should be dismissed without prejudice, and Plaintiff should be given the opportunity to amend the Complaint.

VIII. Standing

Plaintiff contends that Defendant Laughlin "demonstrated a propensity for violence against Plaintiff's family," particularly one of his aunts. Ordinarily, a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Kowalski v. Tesmer, 543 U.S. 128, 129 (2004)(quotation omitted). See Barrows v. Jackson, 346 U.S. 249, 255 (1953)(ordinarily, a litigant has no standing to raise constitutional claims on behalf of third parties). Although there are limited exceptions to this rule, see Kowalski, 543 U.S. at 129-130, this case does not implicate those exceptions. Accordingly, Plaintiff does not have standing to bring claims against Defendant Laughlin on behalf of his family members, and these claims should be dismissed with prejudice.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's claims against Defendant Laughlin related to his testimony in Plaintiff's criminal proceedings should be

12

dismissed with prejudice on the basis of witness immunity, that Plaintiff's claims against Defendant Yarborough should be dismissed with prejudice on the basis of prosecutorial immunity, that Plaintiff's claims against Defendant Laughlin based on alleged state law errors should be dismissed with prejudice, that Plaintiff's claims implying the invalidity of his Greer County or Rogers County convictions should be dismissed without prejudice pursuant to Heck, supra, that Plaintiff's equal protection claims against Defendant Laughlin for harassment should be dismissed without prejudice, and that Plaintiff's claims on behalf of third parties should be dismissed with prejudice. With respect to the Plaintiff's equal protection claim against Defendant Laughlin for selective enforcement, Plaintiff should be given the opportunity to amend his Complaint as it is not clear that "allowing [the Plaintiff] an opportunity to amend his complaint [only as to these claims] would be futile[.]" McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991).   Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ____April 29th_____, 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned

13

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __9th__ day of ___April___, 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE