IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-08-263-M |
| v. | ) |
| | ) |
| SHAWN LAUGHLIN, | ) |
| | ) |
| Defendant. | ) |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed his initial Complaint in this 42 U.S.C. §1983 action on March 12, 2008. In his initial Complaint Plaintiff sought compensatory and equitable relief from two Defendants, Mr. Laughlin and Mr. Yarborough. Plaintiff identified Mr. Laughlin as an Oklahoma Highway Patrol ("OHP") officer and Mr. Yarborough as an assistant district attorney for Greer County, Oklahoma. Plaintiff alleged that the Defendants violated his right to equal protection in a number of ways, including an allegation that Mr. Laughlin "shined search lights repeatedly into Plaintiff's windows at home and consistently harassed Plaintiff during the period between July 2005 and July 2006." Doc. # 1, at 3.

1

The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and a review of the sufficiency of the Complaint was conducted pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B). In a Report and Recommendation filed April 9, 2008, the undersigned recommended that (1) Defendant Yarborough be dismissed from the action with prejudice on the basis of prosecutorial immunity, (2) Plaintiff's claims against Defendant Laughlin involving Defendant Laughlin's testimony in criminal proceedings against Plaintiff in Rogers County and Greer County be dismissed with prejudice on the basis of absolute immunity, (3) Plaintiff's claims against Defendants for monetary damages for alleged constitutional violations stemming from his arrests and prosecutions in Greer County and Rogers County that resulted in convictions, including a probation revocation, and which would imply the invalidity of those convictions and probation revocation, should be dismissed without prejudice under Heck v. Humphrey, 512 U.S. 477 (1994), (4) Plaintiff's claims alleging violations of state law should be dismissed with prejudice, (5) Plaintiff's claims against Defendant Laughlin for violation of his equal protection rights based on alleged racially-discriminatory law enforcement actions should be dismissed without prejudice, and Plaintiff should be given the opportunity to amend the Complaint, and (6) Plaintiff's claims on behalf of third parties should be dismissed with prejudice for lack of standing.

In an Order entered by United States District Judge Miles-LaGrange on May 12, 2008, Judge Miles-LaGrange adopted the Report and Recommendation, dismissed Defendant Yarborough from the action, dismissed all but one of the claims urged by Plaintiff in the

original Complaint with prejudice, dismissed Plaintiff's claim against Defendant Laughlin for racially-based harassment and selective enforcement without prejudice, and gave Plaintiff the opportunity to file an amended complaint concerning his equal protection claims against Defendant Laughlin.

On May 22, 2008, Plaintiff filed a brief, two-page Amended Complaint against Defendant Laughlin. Defendant Laughlin has moved for summary judgment with respect to Plaintiff's claims in the Amended Complaint, and Plaintiff has responded to the dispositive motion. Defendant has filed a reply to the response, and Plaintiff has filed a surreply. The matter has again been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that Defendant Laughlin's Motion for Summary Judgment be granted and that judgment enter in favor of Defendant Laughlin and against the Plaintiff.

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of

evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Defendant Laughlin has raised the defense of qualified immunity in his dispositive motion. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must first establish that the defendant violated a constitutional right." Cortez v. McCauley, 478 F.3d 1108, 1114 (10th Cir. 2007)(en banc). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz, 533 U.S. 194, 201 (2001). If a violation has been shown, "the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.'" Nelson v. McMullen, 207 F.3d 1202, 1206 (10th Cir. 2000)(quoting Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995)). A plaintiff must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to his case." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether

it would be clear to a reasonable officer that his conduct was unlawful in the situation...." Saucier, 533 U.S. at 202. "Summary judgment based on qualified immunity is appropriate if the law did not put the officer on notice that his conduct would be clearly unlawful." Id. (citing Malley v. Briggs, 475 U.S. 335, 341 (1986)). Only if the plaintiff meets this two-part test does the court decide whether the defendant has satisfied the traditional summary judgment burdens of showing "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" Nelson, 207 F.3d at 1205 (quoting Albright, 51 F.3d at 1535).

In his Amended Complaint, Plaintiff asserts that Defendant Laughlin "targeted Plaintiff for harrassment [sic] because he is ... an African American...." in violation of Plaintiff's rights under the Equal Protection Clause. As factual support for this claim, Plaintiff alleges in the Amended Complaint that Defendant Laughlin "followed [Plaintiff] in his vehicle and harrassed [sic] [him] at his residence between July 2005 and July 2006" and that Defendant Laughlin "worked for the Oklahoma Highway Patrol on an all-white crew and at the same time was the minister of an all-white church." Amended Complaint, at 2. In the remainder of the Amended Complaint, Plaintiff alleges that Defendant Laughlin committed unidentified "violence against Plaintiff's aunt," "profiled [Plaintiff] as a drug dealer based solely on Plaintiff's race and his Flashy Ford Expedition," "used his power in law enforcement to single Plaintiff out and treat him differently from the similarly situated caucasion [sic] residents of Greer County," "is a bigot and this Plaintiff is a victim of his bigotry," and "has allowed his personal bias to effect [sic] his professional conduct."

In Defendant Laughlin's Motion for Summary Judgment, Defendant Laughlin has presented a statement of undisputed, material facts.  In consideration of the Amended Complaint, Defendant's statement of undisputed facts, Plaintiff's responsive pleading, Plaintiff's sworn affidavit attached to his responsive pleading, and the reply and surreply filed by the parties, the following material facts are not disputed:

1. Plaintiff is an African-American who resided in Mangum, Oklahoma, a town located in Greer County, prior to his current incarceration.

2. In 2001, Plaintiff was convicted in the District Court of Greer County, Oklahoma, of unlawful possession of marijuana with intent to distribute.  Plaintiff was convicted in March 2003 of feloniously pointing a firearm in the District Court of Rogers County, Oklahoma. Plaintiff was convicted in April 2004 of unlawful possession of controlled dangerous substance, and Plaintiff was convicted in January 2008 of distribution or possession of controlled dangerous substance with intent to distribute.  These latter two convictions were entered in the District Court of Greer County, Oklahoma.  According to the records of the Oklahoma Department of Corrections, Plaintiff was also incarcerated for a conviction for escape from peace officer, with this conviction originating in the District Court of Greer County, Oklahoma.

3. Defendant Laughlin was employed by the OHP in 2000 and retired from the OHP in January 2008.

4. As an OHP officer, Defendant Laughlin had contacts with Plaintiff in connection with arrests of Plaintiff in October 2003 and in 2005.  On October 3, 2003, Defendant Laughlin

assisted Federal Bureau of Investigation agents in the arrest of Plaintiff. In 2005, Defendant Laughlin arrested Plaintiff and a Caucasian convenience store clerk in Mangum, Oklahoma, for unlawful distribution of controlled substance based on a tip from an off-duty dispatcher and Defendant Laughlin's independent probable cause.

5. Defendant Laughlin's only contact with Plaintiff's aunt was in 1996 while Defendant was working for the Greer County Sheriff and involved a domestic dispute. It had nothing to do with race.

6. After retiring from the OHP in January of 2008, Defendant Laughlin became a full time minister for the Church of New Beginnings in Mangum, Oklahoma.

Defendant contends that Plaintiff's cause of action is largely barred by the applicable statute of limitations. "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, ..., but federal law governs the time of accrual of § 1983 claims." Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999)(internal citations omitted). A 42 U.S.C. § 1983 action arising in Oklahoma is subject to a two-year statute of limitations. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994).

In light of the two-year limitations period governing Plaintiff's lawsuit, Defendant contends that any discriminatory actions alleged by Plaintiff to have occurred before March 12, 2006, are barred. In response, Plaintiff contends that Defendant's discriminatory actions

constituted a continuing violation and therefore the statute of limitations should be equitably extended to cover all of Defendant Laughlin's allegedly discriminatory conduct. "The continuing violation doctrine permits a Title VII plaintiff to challenge incidents that occurred outside the statutory time limitations of Title VII if such incidents are sufficiently related and thereby constitute a continuing pattern of discrimination." Id. "There must be at least one instance of the discriminatory practice within the filing period for the continuing violation theory to apply." Furr v. AT & T Techs., Inc., 824 F.2d 1537, 1543 (10th Cir. 1987).

The Tenth Circuit Court of Appeals has not applied the continuing violation doctrine to 42 U.S.C. § 1983 actions. See Frazier v. Jordan, 2007 WL 60883, * 4 (10th Cir. Jan. 10, 2007)(unpublished op.), cert. denied, 127 S.Ct. 2892 (2007). However, the court has also not held that the continuing violation doctrine is inapplicable to § 1983 actions. See McCormick v. Farrar, 147 Fed.Appx. 716, 719-720, 2005 WL 2083027, *3 (10th Cir. Aug. 30, 2005)(unpublished op.). Assuming the continuing violation doctrine applies to § 1983 actions, the doctrine is triggered "by continual unlawful acts...." rather than discrete acts with a continuing discriminatory effect. Berman v. United States, 751 F.2d 314, 317 (10th Cir. 1984)(quotation omitted). The Tenth Circuit Court of Appeals has noted that the continuing violation doctrine "is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated." Davidson v. America Online, Inc., 337 F.3d 1179, 1184 (10th Cir. 2003)(internal quotation and citation omitted). The continuing violation theory does not apply "if the plaintiff knew, or through the exercise of reasonable diligence would have known, [he] was

being discriminated against at the time the earlier events occurred." Id. (internal quotation and citation omitted). Moreover, the Supreme Court has held that a continuing violation theory in the Title VII context does not apply to discrete acts of discrimination and that a discrete retaliatory or discriminatory act "occurred" on the day that it "happened." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002). Thus, "discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges" and "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." Id. at 113.

In response to Defendant's Motion for Summary Judgment, Plaintiff has submitted an affidavit in which he avers that Defendant Laughlin committed eight specific discriminatory acts that "are only the most memorable of a long pattern of harassment" against Plaintiff. Plaintiff's Response, Att. 1. Taken from the earliest alleged conduct, Plaintiff avers that in "June or July, 2005, Defendant Laughlin seized my For[d] Expedition without good cause for the purpose of harassing me." Plaintiff avers that in August 2005 "on at least 3 occasions Defendant Laughlin came by my house and used his official Patrol Car search lights to shine bright lights into my house for no reason but harassment." During the year "2005 Defendant Laughlin used his mother's house repeatedly to hide in her back yard and spy on me [sic] through binoculars. My residence was directly behind hers." Plaintiff avers that in "January or February, 2006, Defendant Laughlin harassed my brother trying to force him to provide information about me and threatening him when he did not respond." Plaintiff avers that in "February and March, 2006, Defendant Laughlin drove me out of my

9

family's auto detailing business by doing improper warrant checks and accusing me of being a drug dealer." Plaintiff avers that in "April, 2006 Defendant Laughlin followed me all over Mangum for no justifiable reason." Plaintiff avers that in "June, 2006 Defendant Laughlin followed me to my mother's house, harassed me, asked to search my vehicle and then threatened me." Plaintiff avers that in "November, 2006 in Greer County Jail Defendant Laughlin attempt [sic] to create a violent confrontation by placing the lover of a witness against me in a criminal case in the cell with me. The Head Jailer, Buddy Knight, arrived the next morning and apologized for Defendant Laughlin's actions, noting that he had 3 other cells to put him [sic] in. Defendant Laughlin attempted to abuse the jail booking process to harm me or make me attack the witness's lover which was totally unnecessary."

Some of these incidents allegedly occurred during the relevant statute of limitations period. Because Plaintiff is alleging a pattern of discrimination rather than discrete acts, the undersigned declines to recommend that any of the alleged incidents be found to be barred by the applicable statute of limitations.

"The equal protection clause is triggered when the government treats someone differently than another who is similarly situated." Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth., 933 F.2d 853, 859 (10th Cir. 1991). "Ordinarily the Equal Protection Clause is applied to claims of class-based discrimination." Campbell v. Buckley, 203 F.3d 738, 747 (10th Cir.), cert. denied, 531 U.S. 823 (2000). "[C]laims asserting selective enforcement of a law on the basis of race are properly brought under the Equal Protection Clause." Marshall v. Columbia Lea Regional Hosp., 345 F.3d 1157, 1166 (10th Cir. 2003).

A plaintiff alleging a violation of the Equal Protection Clause due to racially-based profiling must establish that the defendant's action had a discriminatory effect and that the action was motivated by a discriminatory purpose. Id. at 1168. See United States v. Armstrong, 517 U.S. 456, 465 (1996). "To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." Armstrong, 517 U.S. at 465. The party alleging race-based discriminatory intent or purpose in law enforcement must show that a discriminatory purpose was "'a motivating factor in the [law enforcement] decision.'" See Villanueva v. Carere, 85 F.3d 481, 485 (10th Cir. 1996)(quoting Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265-266 (1977)). Such a discriminatory purpose may be inferred from the totality of the relevant facts. Washington v. Davis, 426 U.S. 299, 242 (1976). "To withstand a motion for summary judgment, a plaintiff in a § 1983 suit must present evidence from which a jury could reasonably infer that the law enforcement officials involved were motivated by a discriminatory purpose and their actions had a discriminatory effect." Marshall, 345 F.3d at 1168.

Like the plaintiff in Marshall, a 42 U.S.C. § 1983 action in which the plaintiff contended that a law enforcement officer selectively discriminated against him based on his race in making a traffic stop and arrest, Plaintiff's response to Defendant's Motion for Summary Judgment does not present statistical comparisons from which to infer racially-based selective enforcement. Rather, Plaintiff contends that Defendant Laughlin's actions over a two-year period provide "direct evidence" of racially-based motivation. Id. The Tenth

Circuit Court of Appeals recognized in Marshall that "a police officer's pattern of traffic stops and arrests, his questions and statements to the person involved, and other relevant circumstances may support an inference of discriminatory purpose in this context." Id.

At the summary judgment stage, "the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient" to create a genuine issue of material fact. Hall, 935 F.2d at 1111. In many of the averments in his affidavit, Plaintiff has provided insufficient facts to show the existence of a genuine issue of material fact. His averment that Defendant Laughlin seized his vehicle solely to "harass[ ]" Plaintiff is a bare, conclusory assertion that does not create a genuine issue of material fact. His averment that his brother was "harassed" and "threaten[ed]" by Defendant does not provide sufficient facts to create a genuine issue. Plaintiff's averment that Defendant Laughlin "drove me out of my family's auto detailing business by doing improper warrant checks and accusing me of being a drug dealer" also does not provide sufficient facts to create a genuine issue for trial. Plaintiff's averment that Defendant Laughlin "harassed" him and "threatened" him after following Plaintiff to his mother's house does not create a genuine issue for trial. The averment that "Defendant Laughlin attempted to abuse the jail booking process [by "placing the lover of a witness against me in a criminal case in the cell with me"] to harm me or make me attack the witness's lover which was totally unnecessary" also contains conclusions and speculation insufficient to create a genuine issue for trial.

In this case, viewing the undisputed facts in the light most favorable to the Plaintiff

and assuming the veracity of the remaining averments in Plaintiff's affidavit (numbered 6, 7, and 8 in the affidavit), Plaintiff has not provided any facts from which to infer that Defendant Laughlin was motivated by an improper discriminatory purpose. Plaintiff does not allege any racially-charged comments were made by Defendant Laughlin in connection with any of the incidents or that Defendant Laughlin's behavior in any of these incidents was such that a racially-motivated purpose can be inferred from the conduct itself.[1] See Marshall, 345 F.3d at 1168 (recognizing that a police officer's "questions and statements to the person involved, and other relevant circumstances may support an inference of discriminatory purpose"). There is no dispute that Defendant Laughlin has been involved in investigating Plaintiff and in arresting Plaintiff for criminal offenses before and during the two-year period in which Plaintiff alleges the racially-discriminatory conduct occurred.

In his responsive pleading, Plaintiff alleges that the other individual arrested in December 2005 in connection with Plaintiff's drug-related charge was Caucasian and that this individual was allowed to "walk" because the individual provided information to police concerning Plaintiff and testified against Plaintiff. "To establish discriminatory effect, a defendant asserting race-based selective enforcement in a traffic stop or arrest must "make a credible showing that a similarly-situated individual of another race could have been, but

---

[1] Although there is a factual dispute concerning the racial makeup of Defendant Laughlin's church, this factual dispute is not material. Plaintiff's basis for his cause of action is the Defendant's actions during his employment as an OHP officer and not after Defendant's retirement from OHP when it is undisputed he became minister of a church in Mangum, Oklahoma. Nor does Plaintiff's allegation that Defendant Laughlin was employed with OHP in an "all-white crew" create a material issue of fact because, even assuming the truth of this assertion, such a fact creates no inference of racially-motivated discrimination toward Plaintiff.

was not, stopped or arrested for the offense for which the defendant was stopped or arrested." United States v. Alcaraz-Arellano, 441 F.3d 1252, 1264 (10th Cir. 2006). It is not disputed that Plaintiff and the Caucasian individual were arrested for a drug-related offense.[2] Assuming the truth of Plaintiff's allegation concerning the prosecution of the Caucasian individual, Defendant Laughlin, as an OHP officer, would have no discretionary authority to determine whether this Caucasian individual would be prosecuted or whether the individual would be allowed to "walk" in return for his testimony against Plaintiff. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in his discretion."); United States v. Curtis, 344 F.3d 1057, 1064 (10th Cir. 2003)(recognizing a prosecutor "may exercise broad discretion with respect to his charging decisions" as long as prosecutor's charging decision is not based on impermissible factor such as race), cert. denied, 540 U.S. 1157 (2004). It is not unusual, in drug cases, for the prosecution to negotiate with defendants in return for favorable testimony with respect to other defendant(s) involved in dealing controlled substances. According to Defendant Laughlin's unchallenged arrest affidavit, Defendant Laughlin observed Plaintiff drive up to the convenience store and hand

---

[2]Plaintiff disputes only the date on which Defendant Laughlin states that he arrested Plaintiff. See Defendant's statement of undisputed facts, # 12. Plaintiff alleges that "Defendant Laughlin did not arrest Plaintiff on either of those dates...." Plaintiff's response, at 2. Plaintiff refers to Defendants exhibits 3(a) and 3(b) in support of this assertion. These exhibits are law enforcement affidavits in support of arrest warrants concerning Plaintiff's drug-related convictions in 2004 and 2008.

the Caucasian individual something which the individual placed in his pocket and Plaintiff then left the area. Motion for Summary Judgment, Ex. 3(B). The Caucasian individual reportedly confessed to Defendant Laughlin that Plaintiff had distributed a controlled substance to him. A reasonable jury could not infer from these circumstances that Plaintiff alone was prosecuted solely because he is an African-American. Accordingly, Plaintiff has not shown the existence of a constitutional violation, and under these circumstances Defendant Laughlin is entitled to summary judgment on the basis of qualified immunity.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Laughlin's Motion for Summary Judgment (Doc. # 31) be GRANTED and that judgment issue in favor of Defendant Laughlin and against the Plaintiff. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by December 15th, 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   24th   day of    November   , 2008.

                                             *[signature]*
                                             GARY M. PURCELL
                                             UNITED STATES MAGISTRATE JUDGE